LEWIS L. BARRETT, Respondent, v. REALTY ASSOCIATES, a Domestic Corporation, etc., Appellant.— The parties having stipulated in writing that this case may be decided by a court of four justices, the decision is as follows: Judgment modified by striking out the provision for specific performance and for the amount of abatement in the price, and by directing that plaintiff have judgment for the amount paid by him on account of the purchase price upon the execution of the

---

* See Tax Law, § 151, as amd. by Laws of 1918, chap. 159.    ince amd. by several statutes.— [REP.

† See Rules Civ. Prac. rule 106.—[REP.

contract, the auctioneer's fees, and the expenses incurred in the examination of title. As so modified, the judgment is affirmed, without costs. We are of opinion that by the contract found to have been made between the parties it was stipulated what the purchaser's remedy would be in the event of the title company's refusal to insure. Findings of fact and conclusions of law in conflict with this decision are reversed and a new finding will be made in accordance herewith. Young, Kapper and Lazansky, JJ., concur; Hagarty, J., dissents with the following memorandum: The real property purchased by plaintiff was part of a tract of land owned by defendant and divided into building lots for the purpose of sale. The sale was by auction. The building upon the lots purchased by plaintiff encroached upon lots to the north, as plotted, but owned by defendant at the time of the sale. It appears affirmatively, by the testimony of defendant's witness, that this encroachment was known to defendant at the time of the auction, that it was not shown upon the sales map, and that " in the excitement " of the sale it was omitted from the contract. The property to the north was subsequently conveyed by defendant to a third party under a contract made at the same sale. The encroachment resulted from this subsequent affirmative act of defendant, as there could have been no encroachment had the defendant retained the land to the north. Were defendant the present owner of the land upon which the building encroaches, equity would decree conveyance to the extent of the encroachment. I think that plaintiff is entitled to specific performance and that the purchase price should be reduced by abatement. Settle order on notice.